[Cite as *State v. Colon*, 2017-Ohio-8478.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104944**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JULIO E. COLON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592449-B

**BEFORE:** Blackmon, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 9, 2017

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

By:   John T. Martin
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Amy Venesile
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Julio Colon ("Colon") appeals from the order of the trial court denying his motion to vacate his guilty plea to three counts of sexual battery.[1]  He assigns the following error for our review:

> The trial court erred by denying [Colon's] motion to withdraw his plea without conducting a hearing.

{¶2}  Having reviewed the record and pertinent law, we affirm the decision of the trial court.

{¶3}  In February 2015, Colon was indicted on seven counts of rape and two counts of kidnapping, all with sexually violent predator specifications, in connection with allegations that he and codefendant Philip Gordon molested two mentally disabled brothers.  In April 2015, the trial court granted the defendant's motion for an independent psychiatric assessment of the brothers.  The record indicates that the findings "were not favorable to the defense."  Colon subsequently pled guilty to three counts of sexual battery in violation of R.C. 2907.03(A)(2), i.e., felonies of the third degree, and the remaining counts were dismissed.  The trial court subsequently

---

[1]Colon's motion to vacate his guilty plea, filed February 12, 2016, was filed while his direct appeal was pending, so the trial court had no jurisdiction to consider this motion.  *State v. Leach*, 8th Dist. Cuyahoga No. 84794, 2005-Ohio-1870, ¶ 16-18.  The motion to vacate was denied, and on July 18, 2016, following the completion of his direct appeal, Colon filed a motion for reconsideration.  Herein, he appeals from the trial court's denial of his motion for reconsideration.  We conclude that the trial court's denial of the February 2016 motion does not bar Colon's claims on reconsideration.

determined that Colon had committed "the worst form of the offense," and sentenced him to three consecutive five-year terms of incarceration on each count, and also designated that he is a Tier III sex offender.

{¶4} On direct appeal, Colon challenged the imposition of consecutive sentences and court costs, and also argued that R.C. 2907.03(A)(2) is unconstitutional. This court affirmed the conviction and sentence, reversed the and remanded for resentencing on court costs only, and declined to address the constitutionality of R.C. 2907.03(A)(2) because this challenge was not first raised in the trial court. *See State v. Colon*, 8th Dist. Cuyahoga No. 103504, 2016-Ohio-3462 ("*Colon I*").

{¶5} On February 12, 2016, during the pendency of his appeal, Colon filed a motion to withdraw his guilty pleas. He maintained that his trial counsel did not warn him of the constitutional defects of R.C. 2907.03(A)(2), and that it impermissibly prohibits some individuals "from consenting to sexual conduct even though they were willing to participate in such conduct" and prevents impaired persons such as the victims from "reproducing unless married." He also complained that there is a "substantial question as to whether either of the victims in this case are impaired" under R.C. 2907.03(A)(2). The trial court denied Colon's motion without a hearing. Colon filed a motion for reconsideration that was also denied, and Colon now appeals.

**Motion to Vacate**

**{¶6}** On appeal, Colon complains that the trial court erred in denying his motion to vacate his guilty plea without holding a hearing because he was deprived of the effective assistance of counsel in entering the plea.

**{¶7}** Under Crim.R. 32.1, a defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13. This heightened standard is in place because "a defendant should not be encouraged to plead to test the potential punishment and withdraw the plea if the sentence is unexpectedly severe." *Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 18.

**{¶8}** A hearing on a postsentence motion to withdraw a guilty plea is not mandated if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit the withdrawal of the plea. *State v. Blatnik*, 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist.1984); *State v. Wynn*, 131 Ohio App.3d 725, 728, 723 N.E.2d 627 (8th Dist.1998).

**{¶9}** The determination of whether a defendant has demonstrated a manifest injustice is addressed to the sound discretion of the trial court. *Blatnik* at 202; *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of syllabus. *Jaber* at ¶ 17. On appeal, the ruling is reviewed for an abuse of discretion. *Blatnik* at 202.

### Ineffective Assistance

**{¶10}** Ineffective assistance of counsel may constitute manifest injustice requiring postsentence withdrawal of a guilty plea. *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509 (10th Dist.), ¶ 18; *State v. Hamed*, 63 Ohio App.3d 5, 7, 577 N.E.2d 1111 (8th Dist.1989). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation; and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351.

### Constitutional Challenges

**{¶11}** We next consider Colon's claims advanced in the motion to vacate, i.e., whether he was deprived of the effective assistance of counsel because "there is a substantial question as to whether either of the victims are impaired," and whether R.C. 2907.03(A)(2) unconstitutionally bars substantially impaired persons from consenting to

sexual conduct even though they were "willing to participate in such conduct," and from "reproducing unless married."

{¶12} A facial challenge to a statute permits the statute to be attacked for its effect on conduct other than the conduct for which the defendant is charged. *State v. Beckley*, 5 Ohio St.3d 4, 6, 448 N.E.2d 1147 (1983); an as-applied challenge requires clear and convincing evidence of a presently existing set of facts that makes the statute unconstitutional when applied to the defendant on those facts. *Id.*

{¶13} With regard to Colon's as-applied challenge, we note, as an initial matter, that it is not entirely clear to this court that Colon has standing to raise this particular challenge. In a similar case, the court concluded that the defendant lacked standing to assert such a challenge since he is not asserting his own constitutional rights, but the rights of impaired individuals such as his victims, and he is not in a special relationship or a relationship of confidence or advocacy with them. *See State v. Phillips*, 575 So.2d 1313, 1314 (Fla. 4th Dist.). The *Phillips* court stated:

> While there is some evidence which respondents claim support a defense of consent, it was the victim herself who reported the sexual battery and testified against the respondents at the bond hearing. Based on the foregoing we can hardly say that the victim could be looking to the respondents to assert her right of privacy. Similarly, the impact of such litigation on third party interests, namely the right of all minors to engage in consensual sexual activity, is not vindicated in a criminal prosecution where the minor victim is maintaining a lack of consent.
>
> Therefore, we hold that the respondents had no standing to challenge the constitutionality of section 800.04, Florida Statutes (1989), on the asserted ground of the right of sexual privacy of the minor victim. We also note that this is consistent with the holding of other courts who have addressed this issue. *See Ferris v. Santa Clara County*, 891 F.2d 715, 717 n. 3 (9th

Cir. 1989); *Anderson v. State*, 562 P.2d 351 (Alaska 1977). Because we hold that the respondents lacked standing to assert the minor's right to sexual privacy, we do not address the statute's constitutionality on those grounds.

*Id.* at 1314-1315.

{¶14} Similarly, in this matter, Colon did not assert his own constitutional interests and he is not in a special relationship or relationship of confidence or advocacy with the victims. To the contrary, the record indicates that both victims expressed in the record that they were upset over the sexual conduct and that physical violence and fear was used, and that they wanted the defendants punished for what they had done.

{¶15} In any event, we note that a guilty plea is a complete admission of the facts set forth in the indictment. *State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 7 (2d Dist.); *State v. Stumpf*, 32 Ohio St.3d 95, 104, 512 N.E.2d 598 (1987); Crim.R. 11(B)(1). Therefore, a defendant who pleads guilty may only attack the voluntary, knowing, and intelligent nature of the plea on appeal. *Spates*, 64 Ohio St.3d at 272, 1992-Ohio-130, 595 N.E.2d 351; *State v. Gaston*, 8th Dist. Cuyahoga No. 92242, 2009-Ohio-3080, ¶ 7.

{¶16} Here, Colon pled guilty to sexual battery in violation of R.C. 2907.03(A)(2), thereby admitting that he knew the victims' abilities to appraise the nature of, or to control their conduct, is substantially impaired. R.C. 2907.03(A)(2). In any event, the record demonstrates that the defendants' independent examinations of the victims resulted in "findings that were not favorable to the defense." As applied to Colon herein, the statute is not unconstitutional.

**{¶17}** Accordingly, we find no clear and convincing evidence that the statute is unconstitutional as applied in this matter.

**{¶18}** With regard to Colon's facial due process and equal protection challenges, we note that a guilty plea does not bar assertion of constitutional violations that go to the right and power of the state to place the defendant on trial. *See Blackledge v. Perry*, 417 U.S. 21, 31, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). However, "[a]ll statutes have a strong presumption of constitutionality. * * * Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

**{¶19}** Further, in the 1974 Committee Comment to R.C. 2907.03, the Legislature explained:

> This section forbids sexual conduct with a person other than the offender's spouse in a variety of situations where the offender takes unconscionable advantage of the victim.

**{¶20}** The statute withstood equal protection and due process challenges in *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512 (R.C. 2907.03(A)(5) properly prohibits sexual conduct with one's child, stepchild, or ward), and *State v. Moore*, 2d Dist. Seneca No. 13-17-07, 2017-Ohio-4358 (R.C. 2907.03(A)(5) properly prohibits sexual conduct with one's child, stepchild, or ward). Likewise, we hold that

R.C. 2907.03 does not violate due process or equal protection insofar as it prohibits an offender from taking unconscionable advantage of the victim by engaging in sexual conduct when he knows that the other person's ability to appraise the nature of or control their conduct is substantially impaired. Accordingly, we reject Colon's facial due process and equal protection challenges to R.C. 2907.03.

{¶21} We recognize that the Ohio Supreme Court recently held that R.C. 2907.03(A)(13), which makes peace officers strictly liable for sexual conduct with anyone under the age of 18 when the offender is more than two years older, is unconstitutional. *State v. Mole*, 149 Ohio St. 3d 215, 2016-Ohio-5124, 74 N.E.3d 368. The *Mole* court concluded that under the language of R.C. 2907.03(A)(13), "[p]eace officers are liable under the statute even if they did not use their status as peace officers to identify potential victims and abuse them." *Id*. at ¶ 43. Therefore, the court held that the classification of peace officers is not rationally related to the government interest in protecting minors from sexual coercion. *Id*. at ¶ 56. As is relevant herein, however, the court noted that the General Assembly had chosen to enumerate "specific situations where an offender might take unconscionable advantage of a victim," in promulgating R.C. 2907.03(A), and that is exactly the situation presented in this matter. Moreover, *Mole* is distinguishable from this matter because the instant offense involves R.C. 2907.03(A)(2), which requires that the offender acted "knowingly," i.e., knows that the other person's ability to appraise the nature of or control the other person's own conduct

is substantially impaired. Conversely, Mole's convictions under R.C. 2907.03(A)(13) imposed strict liability with no mens rea element.

{¶22} In accordance with all of the foregoing, we are unable to conclude that Colon's guilty plea was the result of deficient performance. The first required showing under *Strickland* has not been established. Therefore the claim of ineffectiveness of counsel failed as a matter of law.

{¶23} Moreover, since the claim of ineffectiveness of counsel was not meritorious, the trial court did not abuse its discretion in denying Colon's postsentence motion to vacate his guilty pleas. Additionally, the court was not required to hold a hearing.

{¶24} The assigned error is without merit.

{¶25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR