[Cite as *State v. Spann*, 2020-Ohio-272.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108483 |
| v. | : | |
| ALBERT SPANN, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 30, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-08-513194-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee.*

Albert Spann, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant, Albert Spann ("Spann"), brings the instant appeal arguing that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Specifically, Spann argues that his guilty plea was invalid because it

was not entered before a three-judge panel. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} Spann brings the instant appeal from Cuyahoga C.P. No. CR-08-513194-A. On July 16, 2008, Spann was indicted on the following charges: Count 1, aggravated murder in violation of R.C. 2903.01(A), with a felony murder specification, a notice of prior conviction, and a repeat violent offender specification; Count 2, aggravated robbery in violation of R.C. 2911.01(A)(1), with a notice of prior conviction and a repeat violent offender specification; and Count 3, aggravated robbery in violation of R.C. 2911.01(A)(3), with a notice of prior conviction and a repeat violent offender specification. The aggravated murder count also contained a death penalty specification. On July 21, 2008, Spann was arraigned and pled not guilty. Thereafter, the matter proceeded through the pretrial process.

{¶ 3} The parties entered into a plea agreement. As part of the plea agreement, the state dismissed the death penalty specification associated with Count 1, aggravated murder and dismissed Count 3, aggravated robbery. On June 22, 2009, Spann pled guilty to aggravated murder in violation of R.C. 2903.01(A), with a notice of prior conviction and a repeat violent offender specification, and aggravated robbery in violation of R.C. 2911.01(A)(1), with a notice of prior conviction and a repeat violent offender specification. The trial court sentenced Spann to a term of imprisonment of 25 years to life on the aggravated murder count, and ten years on the aggravated robbery count to be served

concurrently to the indefinite life sentence. The court also imposed a five-year mandatory term of postrelease control. Spann did not directly appeal his conviction or sentence.

{¶ 4} On August 30, 2013, Spann filed a motion, pro se, to withdraw his guilty plea pursuant to Crim.R. 32.1, and on June 16, 2014, the trial court issued a journal entry denying his motion. Spann appealed, and presented five assignments of error. *State v. Spann*, 8th Dist. Cuyahoga No. 101595, 2015-Ohio-1641 ("*Spann I*"). Spann argued that the trial court erred in denying his motion to withdraw his plea based on his claim that the trial court failed to consider his mental competency. Spann further argued that the trial court erred by failing to transmit the trial transcript and other records, and failing to appoint appellate counsel. This court found no merit to these specific arguments and overruled these assignments of error. However, Spann also argued that the trial court failed to advise him at the change-of-plea hearing of any consequences of a violation of postrelease control. This court agreed and sustained that assignment of error, and remanded for the limited purpose of a nunc pro tunc journal entry correcting the error.

{¶ 5} Then on July 5, 2018, Spann filed a second motion, pro se, to withdraw his guilty plea, and requested an evidentiary hearing on his motion. On July 16, 2018, the state filed a brief in opposition to Spann's motion. On August 30, 2018, Spann filed a reply brief. In his motion to withdraw his guilty plea, Spann argued that the trial court lacked jurisdiction to accept his guilty plea because the plea was entered before a single judge and not before a three-judge panel. On March 27,

2019, the trial court issued a journal entry denying his motion to withdraw his guilty plea without an evidentiary hearing.

{¶ 6} On April 18, 2019, Spann filed the instant appeal, pro se, and assigns a sole assignment of error for our review.

> I.  A trial court lacks subject matter jurisdiction to accept a guilty plea in a capital case with a single judge, without the death penalty specification having been dismissed, on the record, and filed before the plea is entered.

## II. Law and Analysis

{¶ 7} In Spann's sole assignment of error, he argues that the trial court lacked subject matter jurisdiction to accept his guilty plea because his plea was not entered before a three-judge panel.

{¶ 8} As an initial matter, we note that Spann filed two motions to withdraw his guilty plea.  On August 30, 2013, Spann filed a motion to withdraw his guilty plea in which he argued that the trial court failed to consider his mental competency.  The trial court denied this motion and Spann appealed.  *Spann I.*  This court found no merit to Spann's argument and affirmed the trial court's denial of his first motion to withdraw his guilty plea.  Spann failed to make any arguments in his first motion to withdraw his guilty plea relative to the trial court lacking jurisdiction to hear his guilty plea.  As a result, Spann's arguments in his second motion to withdraw his guilty plea, the subject of the instant appeal, are barred by res judicata.

{¶ 9} Under the doctrine of res judicata,

> "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding

except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

(Emphasis deleted.) *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997), quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus. "Res judicata prevents repeated attacks on a final judgment and [it] applies to all issues that were or might have been litigated." *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-5274, ¶ 3. Moreover, and relevant to the instant matter, the doctrine of res judicata is applicable to successive motions to withdraw a guilty plea. *See State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 17. Thus, a motion to withdraw a guilty plea should be denied when it asserts grounds for relief that were or should have been asserted in a previous motion to withdraw a guilty plea. *Id.*, citing *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421.

{¶ 10} Even if Spann's claim were not barred by res judicata, Spann fails to demonstrate a manifest injustice as required by Crim.R. 32.1. Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who attempts to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

**{¶ 11}** A manifest injustice has been characterized as a fundamental flaw in the proceedings that results in a miscarriage of justice or as inconsistent with the requirements of due process. *State v. Colon*, 2017-Ohio-8478, 99 N.E.3d 1197, ¶ 7 (8th Dist.), citing *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13. Manifest injustice is a heightened standard and "'is in place because 'a defendant should not be encouraged to plead to test the potential punishment and withdraw the plea if the sentence is unexpectedly severe.''" *State v. Thomas*, 2018-Ohio-1081, 109 N.E.3d 616, ¶ 39 (8th Dist.), quoting *Colon* at ¶ 7, quoting *Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 18. The determination of whether a defendant has demonstrated a manifest injustice is left to the sound discretion of the trial court. *Colon* at ¶ 9.

**{¶ 12}** In the instant matter, Spann appears to argue that he pled guilty to the aggravated murder count as indicted, with the death penalty specification. Spann also argues that because he pled guilty to the aggravated murder count with the death penalty specification, a single trial judge lacked jurisdiction to accept his guilty plea.

**{¶ 13}** In our review of the trial proceedings, we find Spann's arguments to be completely without merit. Undeniably, Spann pled guilty to an amended indictment that included the dismissal of the death penalty specification. Pursuant to R.C. 2945.06,

> In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed

to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. *If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges.*

(Emphasis added.) In addition, Crim.R. 11(C)(3) provides:

If the indictment contains one or more specifications that are *not* dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall: (a) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

(Emphasis added.)

{¶ 14} Moreover, the Ohio Supreme Court in *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 11, articulated that when a defendant pleads guilty to an offense *with a death penalty specification*, a defendant is still charged with an offense punishable with death. Thus, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), a defendant must have his or her case heard and decided by a three-judge panel even if the state agrees that it will not *seek* the death penalty. *Id.*

{¶ 15} In the instant matter, because the state dismissed the death penalty specification prior to Spann entering his plea, R.C. 2945.06 was inapplicable and the single judge had jurisdiction to take Spann's plea. *See State v. Jones*, 6th Dist. Williams No. WM-02-012, 2003-Ohio-1037.

{¶ 16} Indeed, the Ohio Supreme Court has previously rejected the exact arguments that Spann now presents in the instant appeal. In *State ex rel. Henry v.*

*McMonagle*, 87 Ohio St.3d 543, 721 N.E.2d 1051 (2000), Henry was indicted for aggravated murder with a death penalty specification. Henry pled guilty to an amended indictment that did not include the death penalty specification. The court found that R.C. 2945.06 was only applicable when a defendant is charged with an offense punishable by death. *Id.* at 544-545. As such, when Henry's indictment was amended to dismiss any death penalty specification, Henry was no longer charged with an offense punishable by death, and therefore, R.C. 2945.06 no longer had any application. *Id.*

{¶ 17} Spann also appears to argue that even if the prosecutor did in fact dismiss the death penalty specification, the prosecutor failed to amend the indictment in the appropriate manner. Spann argues that the prosecutor was required to file the amended indictment dismissing the death penalty specification with the clerk of courts. To this end, Spann argues that the Ohio Supreme Court, in *Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, set a standard requiring this specific procedure.

{¶ 18} Spann's reliance on *Parker* in this regard is inaccurate. *Parker* simply does not stand for the proposition that a prosecutor is required to file the amended indictment with the clerk of courts after dismissing a death penalty specification and prior to a single judge accepting a defendant's guilty plea.

{¶ 19} In the instant matter, when Spann entered his guilty plea, he was no longer pleading to an offense punishable by death. As a result, R.C. 2945.06 was not applicable, and the single judge had jurisdiction to accept Spann's guilty plea.

Accordingly, the trial court did not abuse its discretion in denying Spann's motion to withdraw his guilty plea, and Spann's sole assignment of error is overruled.

**{¶ 20}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR