[Cite as *State v. Smith*, **2020-Ohio-3717.**]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                              No. 108727

    v.                                      :

EDWARD A. SMITH,                        :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-88-226041-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney,
and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney,
*for appellee.*

Thomas Rein, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Edward A. Smith appeals from a judgment of the trial court that resentenced him to life in prison with parole eligibility after 20-years of imprisonment after this court found his original sentence to be void.

Smith argues on appeal that the trial court erred in not allowing him to withdraw his guilty plea. For the following reasons, we affirm the trial court's judgment.

**Background**

{¶ 2} In November 1985, Smith fatally stabbed a victim while burglarizing the victim's home. In July 1988, Smith pleaded guilty to aggravated murder pursuant to a plea agreement with the state and the trial court sentenced Smith to "20 years to life in prison." The sentence was ordered to run concurrently to three other cases Smith had pending at that time.

{¶ 3} In July 2013, Smith filed a "motion to void sentence," alleging that his sentence was void and that the trial court lacked subject-matter jurisdiction over his case. The trial court denied the motion. Later, in November 2013, Smith filed a "motion to void judgment and correct under Civ.R. 60(B)." Smith repeated the argument raised in his July 2013 motion, alleging that the trial court lacked jurisdiction to impose the 20-year-to-life prison term. The trial court again denied the motion.

{¶ 4} In August 2014, the trial court issued the following entry regarding Smith to the Ohio Adult Parole Authority:

> The court is in receipt of the Ohio Adult Parole Authority's 08/14/2014 notice of offender's hearing before the parole board. The court imposed a sentence after due consideration of all relevant factors and opposes any reduction or modification of sentence by the Ohio parole board from that which was imposed.

{¶ 5} In January 2015, the Ohio Parole Board held a hearing to determine whether it would release Smith. The board decided not to release Smith because of

the severity of his crime and serious infractions he committed while incarcerated, finding that Smith's release would create either an undue risk to public safety or be inconsistent with the welfare and security of society.

{¶ 6} Five months later, in June 2015, Smith filed a motion to withdraw his guilty plea, arguing the trial court breached his plea agreement by submitting a letter to the Adult Parole Authority opposing his release. He claimed that had he known the trial court would oppose his parole when he was eligible, he would not have pleaded guilty. After a hearing, the trial court denied Smith's motion to withdraw his guilty plea. This court affirmed the trial court's judgment in *State v. Smith*, 8th Dist. Cuyahoga No. 104263, 2017-Ohio-1155 ("*Smith I*").

{¶ 7} In February 2018, Smith filed a "motion to void sentence." Smith argued that the trial court imposed a prison term that is not authorized under R.C. 2929.03(A) and therefore the sentence was void. The trial court denied his motion. On appeal, the panel agreed with Smith, vacated his sentence, and remanded the case for resentencing. *State v. Smith*, 2019-Ohio-155, 131 N.E.3d 321, ¶ 7 (8th Dist.), *appeal not accepted*, 155 Ohio St.3d 1438, 2019-Ohio-1536, 121 N.E.3d 409 ("*Smith II*").

{¶ 8} At the time Smith was sentenced in 1988 for his conviction of aggravated murder, the penalty for his offense was provided in R.C. 2929.03(A), which stated that aggravated murder was punishable by a sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment." The trial court, however, sentenced Smith to "20 years to life in prison." The panel

in *Smith II* rejected the state's argument that, although the two sentences were worded differently, they had the same "practical effect." *Id.* at ¶ 18. Instead, the panel contrasted the sentencing statutes for murder and aggravated murder. Under the sentencing statute for murder, R.C. 2929.02(B), the trial court is to impose "an indefinite term of fifteen years to life" (unless certain aggravating elements exist), i.e., a prison range defined by a minimum and maximum term. In contrast, under the sentencing statute for aggravated murder, R.C. 2929.03 (A), the court is to impose a prison term of life with parole eligibility after a certain period of time. The panel found the distinction to be important and held that the trial court exceeded its authority in sentencing Smith to "20 years to life," and therefore, the sentence was void. Because Smith should have been sentenced to "life imprisonment with parole eligibility after serving twenty years of imprisonment," the panel remanded the case for resentencing.[1]

{¶ 9} On remand from *Smith II*, released on January 17, 2019, the trial court appointed counsel for Smith and set his resentencing for May 30, 2019, which was subsequently continued to June 13, 2019. A week before the rescheduled

---

[1] We note that although the Supreme Court of Ohio declined to review *Smith II*, the court has since accepted review of both *State v. Dowdy*, 8th Dist. Cuyahoga No. 107844, 2019-Ohio-3570, *appeal accepted*, *01/21/2020 Case Announcements*, 2020-Ohio-122, 137 N.E.3d 1200, and *State v. Reed*, 8th Dist. Cuyahoga No. 108498, 2019-Ohio-4471, *appeal accepted*, *01/21/2020 Case Announcements*, 2020-Ohio-122, 137 N.E.3d 1214. Both *Dowdy* and *Reed* relied on the authority of *Smith II* to vacate the defendant's sentence of "20 years to life" and "25 years to life," respectively, on the ground that the defendant should have been sentenced in accordance with the statutory language set forth in R.C. 2929.03(A).

resentencing hearing, on June 6, 2019, Smith filed a pro se motion to withdraw his guilty plea, claiming that the guilty plea he entered in 1988 was not knowing, intelligent, or voluntary. At the June 13, 2019 resentencing hearing, Smith stated the following as the basis for his motion to withdraw the guilty plea:

> Well, what was explained to me is that when I pled guilty, I would get a sentence of 20 years to life, and that I would be eligible for parole in approximately 14 years and I earned good time on the sentence. Well, it's come to my attention now that I've been in prison for over 30 years, and the sentence doesn't even provide for the eligibility of parole according to the Eighth District Court of Appeals, so it was an unknowing, [in]voluntary, and unintelligent plea.

In response, the prosecutor stated that although the trial court's sentencing entry in 1988 did not specifically state that parole eligibility was available, Smith has been considered for parole, and the next parole hearing was to be held in September 2019.

{¶ 10} The trial court denied Smith's motion to withdraw his guilty plea and sentenced him to a sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment" in accordance with *Smith II*.

**Instant Appeal**

{¶ 11} Smith now appeals, presenting the following assignment of error for our review:

> I. The trial court erred in not allowing appellant to withdraw his guilty plea.

{¶ 12} Smith argues the trial court erred in not allowing him to withdraw his guilty plea because he pleaded guilty in 1988 based on the representation from his

trial counsel that he would be eligible for parole after 14 years. Smith's claim is barred by the doctrine of res judicata.

**{¶ 13}** Ohio courts have applied res judicata to successive motions to withdraw a guilty plea. "[R]es judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16. "Thus, where a defendant files a postconviction motion to withdraw and fails to raise an issue that could have been raised, the defendant is precluded from raising the issue in a subsequent motion to withdraw." *Id.* at ¶ 17. *See also, e.g., State v. Bene*, 11th Dist. Lake Nos. 2019-L-070, 2019-L-071, and 2019-L-072, 2020-Ohio-1560, ¶ 12; *State v. Spann*, 8th Dist. Cuyahoga No. 108483, 2020-Ohio-272, ¶ 9; and *State v. Gallegos-Martinez*, 5th Dist. Delaware No. 10-CAA-06-0043, 2010-Ohio-6463, ¶ 12. A motion to withdraw a guilty plea should be denied when it asserts grounds for relief that were or should have been asserted in a previous motion to withdraw a guilty plea. *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421.

**{¶ 14}** Here, the record reflects that in 2015, Smith filed a motion to withdraw the guilty plea. He alleged that had he known that the trial court would oppose parole when he was eligible, he would not have pleaded guilty. The trial court found his claim to be without merit, and this court affirmed the trial court's judgment in *Smith I.* In this instant motion to withdraw the guilty plea, Smith alleged that when he pleaded guilty in 1988 for aggravated murder, he was told he would be eligible for parole in 14 years but the recent decision from the Eighth

District (*Smith II*) indicated his sentence failed to reference parole eligibility after 20 years.

{¶ 15} Although the panel in *Smith II* held that "20 years to life" is not the same as "life imprisonment with parole eligibility after serving twenty years of imprisonment," and that Smith should be resentenced to the latter to accurately reflect his sentence under R.C. 2929.03(A), Smith *has* been treated as eligible for parole and the parole board has considered him for parole. In any event, the claim that his understanding regarding his parole eligibility rendered his plea unknowing or unintelligent should have been raised in his earlier motion to withdraw and is barred by res judicata.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR