[Cite as *State v. Fry*, 2023-Ohio-609.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                   :

     Plaintiff-Appellee,              :

                                                            No. 111545

     v.                                         :

MARK FRY,                                        :

     Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-618983-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Mark Fry ("Fry") appeals from his resentencing hearing and the corresponding judgment entry. For the following reasons, we affirm the lower court's ruling.

**Factual and Procedural History**

{¶ 2} On July 14, 2017, in Cuyahoga C.P. No. CR-17-618983-A, a Cuyahoga County Grand Jury indicted Fry on Count 1, rape of a person less than 13 years of age; Count 2, kidnapping with a sexual motivation specification; Count 3, felonious assault with a sexual motivation specification; Count 4, kidnapping with a sexual motivation specification; Count 5, grand theft; and Count 6, possession of criminal tools. The charges arose when Fry allegedly lured a seven-year-old girl into a car, drove her to a remote area, threatened to kill her if she did not follow his commands, and violently assaulted the victim, requiring her to undergo surgery.

{¶ 3} On October 24, 2017, pursuant to a plea agreement, Fry pled guilty to Count 1, rape of a person less than 13 years of age; Count 3, felonious assault with a sexual motivation specification; Count 4, kidnapping with a sexual motivation specification; and an amended Count 5, attempted grand theft. Counts 2 and 6 were nolled. On November 20, 2017, the trial court sentenced Fry to a total of 35 years: 30 years on Count 1, rape of a person less than 13 years of age; five years on Count 2, kidnapping with a sexual motivation, to run concurrently; five years on Count 4, kidnapping with a sexual motivation specification, to run consecutively; and six months on Count 5, attempted grand theft, to run concurrently. The trial court inadvertently sentenced Fry on Count 2, kidnapping with a sexual motivation specification, instead of Count 3, felonious assault with a sexual motivation specification.

{¶ 4} On December 26, 2017, Fry appealed his sentence to this court in 8th Dist. Cuyahoga No. 106648, and argued the trial court erred in its sentence on Count 1, rape of a person less than 13 years of age, and the sentence was contrary to law. This court dismissed the appeal sua sponte for lack of a final judgment because the trial court's inadvertent sentence on Count 2, rather than Count 3, resulted in a failure to impose a sentence on each count of the conviction.

{¶ 5} On January 24, 2020, pursuant to this court's remand, the trial court held a hearing and then issued a corresponding nunc pro tunc judgment entry, correcting its mistake and sentencing Fry on Count 3 instead of Count 2. On March 11, 2020, Fry appealed his sentence arguing the sentence on Count 1 was contrary to law pursuant to R.C. 2971.03(B). This court, in *State v. Fry*, 8th Dist. Cuyahoga No. 109593, 2021-Ohio-2838 ("*Fry I*"), held that the facts admitted by Fry through his guilty plea authorized the trial court to apply R.C. 2971.03(B)(1)(c)'s mandatory minimum sentence of 25 years to life, without violating his Sixth Amendment rights. This court further found that while the trial court correctly determined that it was required, under R.C. 2971.03(B)(1)(c), to sentence Fry to 25 years to life, the statute did not allow the trial court to impose an additional five years on Fry's sentence. This court vacated the judgment and remanded the case for the limited purpose of resentencing Fry in accordance with R.C. 2971.03(B)(1)(c).

{¶ 6} On August 30, 2021, Fry filed motions to certify a conflict and for reconsideration that this court denied. On November 8, 2021, Fry appealed this

court's decision in *Fry I*, but the Ohio Supreme Court declined to accept jurisdiction. *State v. Fry*, 165 Ohio St.3d 1523, 2022-Ohio-258, 179 N.E.3d 1285.

{¶ 7} On April 26, 2022, the trial court held a resentencing hearing and sentenced Fry to a total of 30 years to life: 25 years to life on Count 1; five years on Count 3, to run concurrently; five years on Count 4, to run consecutively; and six months on Count 5, to run concurrently. On May 25, 2022, Fry filed this appeal presenting a single assignment of error for our review:

> I: The trial court erred when it imposed a sentence of twenty-five years to life imprisonment on Count One.

**Legal Analysis**

{¶ 8} In his sole assignment of error, Fry argues that the trial court imposed a sentence that exceeded the maximum statutory sentence and, therefore, his sentence was contrary to law.

{¶ 9} Fry was charged with rape pursuant to R.C. 2907.02(A)(1)(b); sentencing for the rape offense is controlled by R.C. 2971.03. Fry argued in *Fry I* that the appropriate sentence on Count 1, rape of a victim less than 13 years old, without a sexually violent predator or other specifications, should have been 15 years to life per R.C. 2971.03(B)(1)(b). The state argued that Fry's guilty plea on Counts 1 and 3 was sufficient to establish the factors required by R.C. 2971.03(B)(1)(c), and therefore, authorized the trial court to impose a 25 years to life sentence under that statute.

{¶ 10} In *Fry I*, this court found Fry's admission to the indictment on Counts 1, rape of a person less than 13 years of age, and Count 3, felonious assault with a sexual motivation specification, demonstrated Fry knowingly caused serious physical harm to the victim, with sexual motivation, at the same time he engaged in sexual conduct with her. Based on the facts Fry admitted when he pleaded guilty to the indictment, the record established (1) the age of Fry's victim was less than 10 years old and (2) the victim experienced serious physical harm. Thus, Fry's guilty pleas to Counts 1 and 3, as specifically charged in the indictment, contained sufficient facts to authorize the trial court to impose a mandatory 25 years to life sentence pursuant to R.C. 2971.03(B)(1)(c) on Count 1. This court vacated the prior judgment against Fry and remanded the case for the limited purpose of resentencing Fry in accordance with R.C. 2971.03(B)(1)(c). The trial court complied with the remand order and sentenced Fry to 25 years to life, as mandated under R.C. 2971.03(B)(1)(c), on Count 1.

{¶ 11} In the instant appeal, Fry again argues that the imposition of a 25 years to life sentence violates R.C. 2971.03(B)(1)(b) and is contrary to law. Specifically, Fry argues that Count 1, rape, did not include an allegation of serious harm and the court could not impute the element of serious harm from Count 3, felonious assault, to satisfy the requirements of R.C. 2971.03(B)(1)(c). Fry presented these same arguments in *Fry I*, including his motion for reconsideration, motion to certify a conflict, and appeal to the Ohio Supreme Court.

{¶ 12} The doctrine of the law-of-the-case applies in the instant matter. The Ohio Supreme Court found that under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984), citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730, 146 N.E. 291 (1924), *reversed on other grounds.* "'[T]he decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court.'" *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 93575 and 93606, 2010-Ohio-3087, ¶ 42, quoting *Nolan* at 4. "'The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.'" *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 27, quoting *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15. "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan*, citing *Gohman* at 730-731.

{¶ 13} An appellate court's mandate becomes final when the decision is appealed to the Ohio Supreme Court. *State ex rel. Davis v. Cleary*, 77 Ohio App.3d 494, 497, 602 N.E.2d 1183 (8th Dist.1991). Thus, once Fry exhausted his appeals related to *Fry I*, this court's decision in that matter became the law of the case.

{¶ 14} Fry now presents similar arguments pertaining to his sentence on Count 1 as he did in *Fry I*. Fry's assignment of error was fully briefed, argued, and decided in *Fry I,* and this court's adherence to the law-of-the-case doctrine will not cause any injustice under the facts and circumstances of this case. "The [the law-of-the-case] doctrine precludes us from altering our prior decision." *State v. Jones*, 8th Dist. Cuyahoga No. 98209, 2013-Ohio-572, ¶ 8. Because we need not revisit the challenge to Fry's sentence that we have already addressed in our prior opinion, Fry's assignment of error is overruled.

{¶ 15} Further, we note that the case of *State v. Louis*, 2016-Ohio-7596, 73 N.E.3d 917 (4th Dist.), which Fry cited in his appellate brief, does not conflict with our decision in *Fry I*. In *Louis*, a jury convicted the defendant on four counts of rape, three counts of endangering children, and one count each of kidnapping and tampering with evidence. Defendant Louis argued that she could not be sentenced to life without parole where the victim was not less than 10 years old at the time of the rape and there were no aggravating factors under R.C. 2971.03 that allowed for this range of sentence. The appellate court agreed with *Louis* and found the two rape sentences for the victim were contrary to law because the requisite statutory findings under R.C. 2971.03(B)(1)(c) were not met.

{¶ 16} The *Louis* Court reasoned that the R.C. 2971.03(B)(1)(c) factors increased the penalty for the crime and, therefore, the presence of one of those factors needed to be submitted to the jury and found beyond a reasonable doubt. *Louis* at ¶ 79, quoting *Alleyne v. U.S.*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314

(2013). *See also Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The *Louis* Court further stated that defendant's conviction of endangering children could not be imputed to the rape counts to establish serious physical harm and thereby satisfy the R.C. 2971.03(B)(1)(c) factors:

> The fact that the jury found Louis had caused "serious physical harm" in the course of committing a second degree felony of endangering children does not mean that the jury would have found that Louis caused "serious physical harm" during or immediately after the commission of the rapes.

*Louis* at ¶ 78.

{¶ 17} This holding is distinguishable from the instant case where Fry did not submit his case to a jury but pled guilty to Counts 1 and 3 in the indictment. A guilty plea is equivalent to an admission of the facts in the indictment, including all specifications contained therein. *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143, ¶ 18 (8th Dist.), citing *State v. Colon*, 2017-Ohio-8478, 99 N.E.3d 1197 ¶ 15 (8th Dist.), citing *State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 7 (2d Dist.). "By pleading guilty to Count 1, rape of a person less than 13 years of age, and Count 3, felonious assault with the sexual motivation specification, Fry admitted to the facts that he knowingly caused serious physical harm to Jane Doe 1 with sexual motivation at the same time he also admitted that he engaged in sexual conduct with her." *Fry I* at ¶ 28, citing *Sims* at ¶ 18. Thus, Fry's guilty pleas on Counts 1 and 3 established that "'during or immediately after

the commission of the [sexual conduct] [he] caused serious physical harm to the victim,'" and thereby met the requirements of R.C. 2971.03(B)(1)(c). *Fry I* at ¶ 29, quoting R.C. 2971.03(B)(1)(c).

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR