[Cite as *State v. Fine*, 2024-Ohio-2928.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2024 CA 0010 |
| LUCAS A. FINE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 24 CR 0005 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | August 1, 2024 |

APPEARANCES:

For Plaintiff-Appellee

CHRISHANA L. CARROLL
ASSISTANT PROSECUTOR
318 Chestnut Street
Coshocton, Ohio 43812

For Defendant-Appellant

CHRISTOPHER BAZELEY
9200 Montgomery Road
Suite A
Cincinnati, Ohio 45242

*Wise, J.*

## BACKGROUND

### *Fine pleaded guilty*

{¶1}    The January, 2024 term of the Coshocton County Grand Jury indicted the appellant, Lucas A. Fine, on one count of receiving stolen property, a violation of R.C. 2913.51(A), 2913.51(C) [F5].

{¶2}    Fine pleaded not guilty at his arraignment and the case proceeded before the Coshocton County Common Pleas Court, Judge Batchelor presiding.

{¶3}    On April 29, 2024, Fine appeared before the trial court and changed his plea from not guilty to guilty of one count of receiving stolen property.  (Tr. April 29, 2024 at 4).

[COURT]:  Do you then at this time wish to voluntarily enter a plea of guilty to the single count of receiving stolen property, a felony of the fifth degree?

[DEFENDANT]:    Yes, Your Honor.

{¶4}    Tr. April 29, 2024 at 4.  *See also,* Tr. April 29, 2024 at 8, 9.

{¶5}    The trial court then, pursuant to Crim.R. 11, carefully explained the ramifications of guilty pleas.  The trial court explained the rights Fine was giving up by pleading guilty, including his right to a jury trial and right to confront witnesses.  Tr. April 29, 2024 at 5.

{¶6}    The facts that led to the charges were stated by the trial court.

{¶7}    On or about November 15, 2023, in Coshocton County, Ohio, defendant did receive, retain or dispose of four Kenda Klever tires; 107H tires and/or rims belonging to Jeff Drennen Ford when the defendant knew or had reasonable cause to believe that the

property had been obtained through the commission of a theft offense and when the value of the property was $1,000 or more but less than $7,500.  Fine acknowledged that the statement accurately reflected the charges and again indicated that he was pleading guilty.  Tr. April 29, 2024 at 9.

{¶8}    Fine signed a Crim.R. 11 Plea Form in open court acknowledging that he was pleading guilty.  "I hereby enter this plea of my own free will without any inducement, coercion or promise of leniency on the part of the Court, the Prosecuting Attorney or my legal counsel."  Plea of Guilty, April 29, 2024.

{¶9}    The trial court accepted his plea of guilty and proceeded to sentencing.

*Sentencing*

{¶10}  In exchange for the guilty plea, the state agreed to a joint sentencing recommendation of eleven months to be served in local incarceration.  Tr. April 29, 2024 at 2. Fine acknowledged the joint sentencing recommendation and that the state accurately stated the negotiated sentence. Fine also acknowledged that he was "essentially waiving all right to appeal by entering a plea of guilty." Tr. April 29, 2024 at 3, 4.

{¶11}   Prior to pronouncing sentence, the trial court asked Fine if he had anything to say to which he responded, "No, Your Honor." Tr. April 29, 2024 at 11.

{¶12}  The trial court complied with the jointly negotiated plea and sentence and sentenced Fine to a term of eleven months in a local correctional facility.  Tr. April 29, 2024 at 11, Judgment Entry Plea of Guilty and Sentencing, April 30, 2024.

*Anders Appeal*

{¶13}  Following his conviction and sentence, appellate counsel was appointed and a timely Notice of Appeal was filed.  On June 10, 2024, appellate counsel filed a motion to withdraw as counsel citing *Anders v. California,* 386 U.S. 738, 739 (1967) alleging that after examining the case, reviewing the record and researching all potential issues, he could find no meritorious issues for review.  Counsel alleged, and the record reveals, that he provided Fine a copy of an appellant's brief containing one potential assignment of error and relevant transcripts.

{¶14}  Fine filed a *pro se* handwritten document that did not comply with App.R. 16 and filed a separate handwritten document in response to the state's brief.  In his filings, he claims that the state only proved that he was in possession of the tires, not the rims, and also claimed ineffective assistance of trial counsel. He also alleged prosecutorial misconduct claiming that the state was not truthful when it stated to the court that a witness was not available.

{¶15}  This matter is now before this Court on the motion of counsel to withdraw pursuant to *Anders* and an independent analysis of the appeal.

**LAW AND ANALYSIS**

{¶16}  In *Anders,* the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:

(1)    A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.

(2)      A showing a motion to withdraw has been filed by appellant's counsel.

(3)      The existence of a brief filed by appellant's counsel raising any potential assignments of error.

(4)      A showing the appellant's counsel provided to the appellant a copy of said brief.

(5)      A showing appellant's counsel provided appellant adequate opportunity to file a *pro se* brief raising any additional assignments of error appellant believes the appellate court should address.  *Id.* at 744.

{¶17}  Upon a finding that these criteria have been met, *Anders* requires that the court, not counsel, proceed to decide whether the case is wholly frivolous.  If so, the court may allow appellant's counsel to withdraw and dismiss the appeal.

{¶18}  If, however, the court finds any legal points, arguably on the merits, it must, prior to decision, afford the indigent appellant the assistance of counsel to argue the appeal.

{¶19}  *State v. Middaugh*, 2003-Ohio-91, ¶¶ 4-9 (5th Dist.), citing *Anders, supra; See also* Local App.R. 9 (G)(1).

{¶20}  With that standard in mind, we review this appeal.

{¶21}  First, we find that appellant's counsel, through the merit brief filed and his assertions in his motion to withdraw, made a thorough review of the case.  Second, we find that appellant's counsel filed a motion to withdraw and timely served appellant with the brief identifying one potential assignment of error and transcript.  The appellant has

filed two *pro se* documents indicating that he received a copy of the brief and had an opportunity to respond with his own filings.

{¶22}  The *pro se* documents filed by appellant fail to comply with App.R. 16.

{¶23}  They fail to set forth any assignments of error or propositions of law.  The gist of his complaints is that his sentence was unjust because there was no evidence he stole rims – only tires – in an apparent attempt to lessen the value to a misdemeanor level.  His claim that the state falsely claimed that a witness was not available so the trial court would sentence him to local incarceration is baffling to this Court as Fine requested local incarceration and his wish was honored by the state and trial court in exchange for his plea.

{¶24}  We turn now to any potential assignments of error.  Appellant pleaded guilty to receiving stolen property in excess of $1,000 but less than $7,500, a violation of R.C. 2953.51(A), 2953.51(C). A guilty plea is a complete admission to the facts set forth in the indictment, provided that the plea is voluntary, knowing and intelligent.  *State v. Colon,* 2017-Ohio-8478, ¶ 15 (8th Dist).

{¶25}  So, too, as noted by the state, the plea was a negotiated plea and sentence. R.C. 2953.08(D)(1) limits an appellate court's ability to review an agreed upon sentence. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case and is imposed by a sentencing judge."  *State v. Holman,* 2023-Ohio-716, ¶ 10 ("Because Holman's sentence was within the recommended sentencing range and was authorized by law, it is not reviewable on appeal pursuant to R.C. 2953.08(D)(1).")

{¶26}  Accordingly, we turn to the transcripts and record of the plea hearing and sentencing hearing.  We review, as appellant's *Anders'* brief suggests, whether the trial court erred in accepting appellant's guilty plea and complied with Crim.R. 11.  We next review the sentence appellant received and whether it was within the penalties prescribed for felonies of the fifth degree.

{¶27}  We find that appellant's pleas of guilty were taken in accordance with Crim.R. 11.

{¶28}  The trial court carefully laid out the rights that Fine waived by entering a guilty plea, including the right to a jury trial and the right to subpoena witnesses on his behalf.  Fine acknowledged that he was giving up those rights, was not under any duress, and that he was satisfied with his trial counsel.

{¶29}  We further find that the sentence of eleven months in a local correctional facility was reasonable, not contrary to law, and well within the sentencing parameters of R.C. 2913.51 (A) and (C), a felony of the fifth degree.

{¶30}  In his potential assignment of error, appellant's counsel argues that the trial court erred in finding Fine guilty without his articulating his plea on the record in violation of Crim.R.11.  The record of the plea hearing does not substantiate this claim.

{¶31}  Fine admitted his guilt at least three times during the plea hearing.  The trial court carefully outlined the rights that Fine was waiving by pleading guilty.  And the sentence was well within the parameters of a fifth degree felony. So, too, Fine signed a Crim.R. 11 plea form on the record in front of the trial court.

{¶32}  Finally, the plea and sentence were negotiated and jointly recommended and therefore not reviewable on appeal pursuant to R.C. 2953.08(D)(1).

{¶33}  After a full and complete examination of the record, including a transcript of the proceedings below, we further find this appeal is wholly frivolous. The record, including the plea hearing and sentencing hearings, is lacking any legal points arguable on the merits.

{¶34}  This Court grants the motion of appellant's counsel to withdraw from the case, dismisses the appeal and affirms the conviction and sentence of the trial court.


By: Wise, J.

Hoffman, P. J., and

King, J., concur.

JWW/kt 0725