[Cite as *State v. Lashley*, 2021-Ohio-3101.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                        :

                               No. 110250

           v.                                         :

ERIC LASHLEY,                                      :

    Defendant-Appellant.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 9, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-648126-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Eric Lashley was an Uber driver. A young woman ordered a ride home from him after she was drinking at a bar and became highly intoxicated. The victim was then sexually assaulted by Lashley in her home. He

subsequently pleaded guilty to sexual battery and burglary under a plea agreement, and the trial court sentenced him to consecutive sentences for the two offenses for a total term of 6 years of imprisonment. On appeal, he raises the following assignment of error:

> Appellant's sentence is contrary to law because the record does not support the imposition of consecutive sentences.

{¶ 2} Having reviewed the record and applicable law, we find no merit to Lashley's appeal and affirm the trial court's judgment.

**Substantive and Procedural Background**

{¶ 3} On the night of October 12, 2019, the victim, a 23-year-old woman, was out with a friend drinking at a bar. After consuming a large amount of alcohol, she and her friend ordered an Uber ride to take them home. Lashley was the Uber driver.

{¶ 4} He first drove the victim to her residence in University Heights, a short distance from the bar. During the ride, the victim vomited and urinated in his vehicle. She was so intoxicated that he had to help carry the victim inside her residence. Lashley then drove the victim's friend to her residence in Gates Mills.

{¶ 5} From Gates Mills, Lashley drove back to the victim's residence and sexually assaulted her. The next morning, the victim reported the incident to Uber and the police, and also underwent a sexual assault examination. Lashley's epithelial DNA was found on the exterior of the victim's vagina.

{¶ 6} Lashley admitted that he returned to the victim's residence but claimed that when he complained about the condition of his vehicle earlier, one of the two women told him to come back to get the cleaning supplies after dropping the victim's friend off. Lashley claimed that he knocked on the door, and the victim let him in. He helped her go downstairs to the basement where her room was and then made several trips taking towels to his vehicle. According to Lashley, at one point the victim was taking her clothes off, unaware of his presence, and he asked her if she wanted to have sex. She said "no," and he left. Lashley claimed his DNA could have been transferred to her private area because he had carried her twice. He denied sexual conduct with the victim.

{¶ 7} Lashley was charged with two counts of rape (Counts 1 and 2) and one count of aggravated burglary (Count 3), all felonies of the first degree. Under a plea agreement, the state amended Count 1 from rape to sexual battery, a high-tier felony of the third degree and punishable by one to five years of imprisonment. The state also amended Count 3 from aggravated burglary to burglary, a low-tier felony of the third degree and punishable by nine to 36 months of imprisonment. The state dismissed Count 2. Lashley pleaded guilty to sexual battery and burglary.

{¶ 8} At the sentencing hearing, Lashley's counsel recounted Lashley's version of the event and stressed that Lashley, age 48, was an Army veteran, did not have a criminal history, and was compliant for the period of time he was placed on court-supervised release during the pendency of this case. The victim talked at length about the trauma and pain she endured and the impact of the crime on her

life. Lashley gave a brief statement, apologizing to the victim for any harm she suffered "as a result of anything that I did or that she thinks I did," and asking the court to consider his lack of any criminal history prior to this incident.

**Analysis**

**{¶ 9}** We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Cedeno-Guerrero*, 8th Dist. Cuyahoga No. 108097, 2019-Ohio-4580, ¶ 17, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

**{¶ 10}** The consecutive sentence statute, R.C. 2929.14(C)(4), provides that the trial court can impose consecutive sentences if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of

the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 11} A consecutive sentence may be challenged in two ways. The defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4); or, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *State v. Smith*, 8th Dist. Cuyahoga No. 108793, 2020-Ohio-3666, ¶ 18, citing *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

{¶ 12} Here, Lashley does not claim the trial court failed to make the statutorily mandated findings. Rather, he argues the record does not support the findings. He claims the trial court failed to give due consideration to his lack of prior criminal history, his acceptance of responsibility to the reduced charges, and a lack of clear indication regarding what actually occurred on the night of the incident.

{¶ 13} In making the consecutive findings, a trial court is not required to give reasons supporting its decision to impose consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27. Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 14} Our review of the transcript reflects that the trial court engaged in the correct analysis. While not required to, the trial court explained its reasons for the findings. Our review shows the record contains evidence to support the findings.

{¶ 15} Before imposing the consecutive sentences, the trial court first noted its awareness of the court's duty to balance factors such as the defendant's criminal record and the nature of the offenses the defendant pleaded guilty to.

{¶ 16} The trial court then began its analysis by remarking that the reason offered by Lashley for returning to the victim's home was not believable; instead, after dropping off the other passenger and having some time to reflect on the victim's situation, Lashley decided to return to the victim's home to take advantage of her vulnerable state. The trial court described the incident as a woman's nightmare: a woman ordered a ride share to go home after becoming too intoxicated to drive, only to be violated in her own home by the driver.

{¶ 17} The trial court emphasized that it had weighed all the pertinent factors and based its sentence on the evidence before the court. It stated that consecutive sentences were necessary to punish the offender and to protect the public from future crime, and were not disproportionate to the seriousness of the conduct and the danger posed by the offender. The court also found the presence of one of the R.C. 2929.14(C)(4)(b) factors: Lashley's offenses of sexual battery and burglary were part of one or more courses of conduct and the harm caused was so great or unusual that a single prison term could not adequately reflect the seriousness of his conduct. While making the findings, the court stressed that it had

reviewed all the sentencing guidelines and all the facts in the record, and had applied the consecutive sentencing factors.

{¶ 18} Our review reflects the trial court followed the statute for imposing consecutive sentences and engaged in the proper analysis. Upon our review, we do not clearly and convincingly find that the record does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶ 19} Lashley also argues the aggregate six-year term of his consecutive sentences is contrary to law because a six-year term in this case is not supported by the sentencing purposes of R.C. 2929.11 and the sentencing factors of R.C. 2929.12.

{¶ 20} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Supreme Court of Ohio clarified that R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. Furthermore, the term "otherwise contrary to law" as used in R.C. 2953.08(G)(2)(b) does not encompass an appellate court's determination that a sentence is not supported by the record under R.C. 2929.11 and 2929.12. *Id.* at ¶ 32. Accordingly, Lashley's contention regarding R.C. 2929.11 and 2929.12 is not supported by the statute or the case law authority.

{¶ 21} The assignment of error is without merit.

{¶ 22} The trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR