[Cite as *State v. Angel*, 2022-Ohio-72.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                              No. 110456

    v.                          :

WILLIAM ANGEL,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 13, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654130-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carla B. Neuhauser, Assistant Prosecuting Attorney, *for appellee.*

Christina M. Joliat, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, William Angel, appeals from the trial court's judgment, rendered after a guilty plea, finding him guilty of various offenses and sentencing him to 30 months in prison. Having reviewed the record and applicable law, we find no merit to Angel's appeal and affirm the trial court's judgment.

## I.  Background

{¶ 2} Angel was indicted in a multicount indictment with three counts of abduction, and one count each of theft, domestic violence, endangering children, and having weapons while under disability.

{¶ 3} The charges arose out of incidents that occurred on July 25, 2020, and October 25, 2020.  In the July 25 incident, Angel drove erratically, causing his girlfriend, who was a passenger in the car, to fear for her life.  When she tried to exit the car, Angel grabbed her and pulled her back into the vehicle.  He then drove her to her apartment, where he took her cell phone from her and made her feel that it was unsafe for her to leave the apartment.

{¶ 4} On October 25, 2020, Cleveland police officers responded to an apartment on the city's east side after a 911 caller reported that people in the apartment (later determined to be Angel and his girlfriend) were fighting.  The caller also reported that he had heard the female victim screaming for help and the victim's four-year-old son asking, "Why are you hitting mommy?"  When the officers attempted to make contact with Angel, they heard him telling the victim to "calm down."  They also determined that he was armed with a weapon.  The officers called SWAT to the scene.  Angel ignored all attempts to contact him and requests for him to let the victim and her son leave the apartment.  SWAT eventually apprehended

Angel and secured the victim and her son. They recovered a 12-gauge shotgun from the apartment.[1]

{¶ 5} As a result of a plea agreement, Angel pleaded guilty to amended Count 1, attempted abduction in violation of R.C. 2923.03/2905.02, a fourth-degree felony; Count 2, theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor; amended Count 3, attempted abduction in violation of R.C. 2923.03/2905.02 with a forfeiture of weapon specification, a fourth-degree felony; Count 5, domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor; Count 6, endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor; and Count 7, having weapons while under disability in violation of R.C. 2923.13, with a forfeiture of weapon specification, a third-degree felony. Count 4 was dismissed.

{¶ 6} The trial court sentenced Angel to 18 months in prison on felony Counts 1 and 3, and 30 months in prison on felony Count 7, as well as 180 days in the county jail on misdemeanor Counts 2, 5, and 6. The court ordered that all counts were to be served concurrently, for a total sentence of 30 months' incarceration. Angel filed numerous post-sentence motions, including a motion to withdraw his guilty plea, a

---

[1] The state's brief contains a much more detailed account of both incidents. Most of the facts set forth in the state's brief are not contained in the record, however, and thus we do not recite them. The more limited explanation of the incidents as set forth above was contained in the state's brief in opposition to Angel's post-sentence motion to withdraw his guilty plea and never challenged by Angel.

motion for resentencing, and a motion for judicial release, all of which were denied. This delayed appeal followed.

## II. Law and Analysis

{¶ 7} In his single assignment of error, Angel challenges his 30-month prison sentence. Specifically, he contends that "[t]he trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.14[2] and the purposes and principles of the felony sentencing guidelines."

{¶ 8} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *See State v. Smith*, 8th Dist. Cuyahoga No. 108793, 2020-Ohio-3666, ¶ 18; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing, if it clearly and convincingly finds that the record does not support the sentencing court's findings as required by R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), and 2929.20(I), none of which are at issue here; or the sentence is otherwise contrary to law. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

---

[2] R.C. 2929.14 sets forth the prison terms for felony offenses.

{¶ 9} Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) protect the public from future crime by the offender and others, (2) punish the offender, and (3) promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. A sentence imposed for a felony should be reasonably calculated to achieve the three overriding purposes of felony sentencing, and must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 10} R.C. 2929.12 gives the sentencing court discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Bridges*, 8th Dist. Cuyahoga No. 107281, 2019-Ohio-1769, ¶ 10, citing *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 10. In exercising this discretion, the sentencing court must consider a nonexhaustive list of factors relating to the seriousness of the offender's conduct and the likelihood of recidivism. These factors include the physical, psychological, and economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant shows any remorse; and any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(B) and (D). The court must also consider any factors "indicating that the offender's

conduct is less serious than conduct normally constituting the offense."  R.C. 2929.12(C).

{¶ 11} Trial courts are not required to make factual findings under R.C. 2929.11 or 2929.12.  *State v. White*, 8th Dist. Cuyahoga No. 106580, 2018-Ohio-3414, ¶ 9, citing *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27.  Indeed, consideration of the factors is presumed unless the defendant affirmatively demonstrates otherwise.  *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12.  This court has consistently found that a trial court's statement that it considered the required factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12.  *White* at ¶ 9, citing *Kronenberg* at ¶ 27.

{¶ 12} Despite asserting in his assignment of error that his sentence is "contrary to R.C. 2929.14," Angel concedes in his appellate brief that his 30-month prison sentence is, in fact, not contrary to law because it is within the statutory range for Count 7, a third-degree felony.  (Appellant's Brief, p. 5.)  Nevertheless, he contends that his sentence should be reversed because the trial court failed to properly consider and apply R.C. 2929.11 and 2929.12 to his case.  He contends that a correct application of the R.C. 2929.11 principles and purposes of sentencing and the R.C. 2929.12 sentencing factors to the facts of his case demonstrates that he should have been sentenced to community-control sanctions or a lesser prison

sentence.[3]  In short, Angel contends that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12.

{¶ 13} The Ohio Supreme Court has made clear, however, that R.C. 2953.08(G)(2) does not provide a basis for an appellate court to modify or vacate a sentence based on a lack of support in the record for the trial court's findings under R.C. 2929.11 or 2929.12.  *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 29.  "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."  *Id.*  at ¶ 42.  Accordingly, this court cannot review whether the record supports the trial court's application of the R.C. 2929.11 and 2929.12 factors.  *State v. Levinson*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 21; *State v. Lashley*, 8th Dist. Cuyahoga No. 110250, 2021-Ohio-3101, ¶ 19.

{¶ 14} The trial court's journal entry of sentencing states that it "considered all required factors of the law," and Angel has failed to affirmatively demonstrate otherwise.  Moreover, despite Angel's contention that the trial court improperly applied the R.C. 2929.11 and 2929.12 factors to the facts of his case, the record reflects careful consideration by the trial court of the principles and purposes of

---

[3] Community control was never an option for Angel in this case.  The trial court told Angel at the plea hearing before he pleaded guilty that it intended to send him to prison for his offenses but would consider a two- to three-year sentence.  (Tr. 4-5.)  And although Angel contends that he should not have been sentenced to a 30-month prison term, at the sentencing hearing, defense counsel specifically asked the judge to sentence him to either a 24- or 30-month term.  (Tr. 32.)

sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12, as well as the special needs and concerns presented by Angel's mental health issues, in imposing the 30-month prison term. During the sentencing hearing, the trial court specifically found that Angel had previously received a community-based sanction and extensive mental health services to no avail. The court also noted that although Angel's mental health issues and drug addiction had undoubtedly contributed to the circumstances of the offenses, a four-year-old boy witnessed and was traumatized by the events of October 25, 2020, and its sentence might have been different if the young child had not been involved. The court further found that Angel's behavior was more serious than that of others facing mental health challenges and, as such, necessitated a greater although not maximum sanction.

{¶ 15} Angel has failed to demonstrate that his sentence is either contrary to law or that the trial court did not adequately consider the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The assignment of error is therefore overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EMANUELLA D. GROVES, J., CONCUR