[Cite as *State v. Walker*, 2022-Ohio-820.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110640 |
| v. | : | |
| MARTEZ WALKER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654409-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee.*

Ruth R. Fischbein-Cohen, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Martez Walker, appeals his convictions and sentence following a guilty plea. For the reasons that follow, we affirm.

{¶ 2} In October 2020, Walker was named in a three-count indictment charging him with one count each of falsification, theft, and forgery — all felonies of

the fifth degree. The charges stemmed from Walker giving a false name to MetroHealth Medical Center while seeking emergency medical services after being shot.

{¶ 3} In June 2021, Walker entered into a plea agreement with the state. He agreed to plead guilty to the falsification offense as charged, and the state would dismiss the remaining counts.[1] The trial court engaged in the requisite Crim.R. 11 colloquy, accepted Walker's guilty plea, and imposed a sentence of 12 months in prison — the maximum sentence for the offense.

{¶ 4} Walker now appeals, raising three assignments of error.

## I. Guilty Plea

{¶ 5} In his first assignment of error, Walker contends that "the within indictment and conviction is void." He has not raised any argument that he did not make a knowing, intelligent, and voluntary plea. Rather, Walker contends that it was error for the trial court to convict him of falsification, a fifth-degree felony, because the state did not specify in the indictment or prove the value of the services and, therefore, he should be guilty only of a misdemeanor falsification offense.[2]

---

[1] Count 1 of the indictment charged Walker with falsification, in violation of R.C. 2329.13(A)(9), which alleged that Walker "did knowingly make a false statement * * * when the statement was made with purpose to commit or facilitate the commission of a theft offense." Count 1 contained a furthermore clause that "the value of the property or services stolen was [$1,000] or more but less than [$7,500]."

[2] Walker also contends that because the state did not seek restitution, no crime was committed. This argument is completely unreasonable. Whether restitution is sought has no bearing on the commission of a crime. Moreover, and as the prosecutor noted during sentencing, the hospital was able to correctly invoice Walker for the services it rendered; any request for restitution would have been duplicative.

{¶ 6} However, Walker has waived any argument regarding any deficiency in the indictment by failing to object to the indictment and by pleading guilty to the offense. Crim.R. 12(C)(2) mandates that "[d]efenses and objections based on defects in the indictment" must generally be raised "[p]rior to" trial. "'Failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved.'" *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73, quoting *State v. Biros*, 78 Ohio St.3d 426, 436, 678 N.E.2d 891 (1997).

{¶ 7} Moreover, Crim.R. 11(B)(1) states, "[t]he plea of guilty is a complete admission of the defendant's guilt." *State v. Colon*, 2017-Ohio-8478, 99 N.E.3d 1197, ¶ 15 (8th Dist.). In this case, the trial court engaged in the requisite Crim.R. 11 colloquy with Walker and thoroughly explained the rights he would be waiving if he pleaded guilty, one of which is the right "to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial." Crim.R. 11(B)(2)(c); *see* tr. 11. Walker stated that the understood this right prior to entering his guilty plea to falsification, a fifth-degree felony, as charged in the indictment.

{¶ 8} Accordingly, Walker has waived any argument that the indictment was defective or that the state did not prove the value of services stolen. His first assignment of error is overruled.

## II. Effective Assistance of Counsel

{¶ 9} Walker contends in his second assignment of error that his right to counsel was violated. Specifically, he contends he was deprived of effective assistance of counsel because he had four different attorneys throughout the

proceedings. He also claims that his trial counsel who appeared at his plea hearing and sentencing was ineffective for failing to (1) allow him to make a statement prior to entering his plea; and (2) provide zealous advocacy at sentencing.

{¶ 10} To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 11} Walker has failed to demonstrate that he was deprived of effective assistance of counsel. His contention that he was prejudiced by multiple substitutions of counsel is unfounded. The attorney who appeared with Walker during arraignment withdrew for health concerns. His next appointed counsel withdrew because he took a position with the prosecutor's office. Walker's third appointed counsel did not withdraw as counsel, but another attorney from his office appeared during the plea hearing. Walker raised no objection about the presence of

stand-in counsel, and in fact, admitted during the Crim.R. 11 plea colloquy that he was satisfied with his attorney's representation. (Tr. 9.). While we recognize that continuity of counsel is preferred, multiple attorneys do not equate to ineffective assistance of counsel.

{¶ 12} We further find that counsel's performance during the plea hearing and at sentencing was not deficient. Walker alleges that his counsel acted "abusively" by failing to allow him to make a statement prior to the plea. Our review of the record reveals that counsel was not abusive, and in fact acted appropriately by reminding Walker that his statements were on the record and anything he said could be used against him. This caution was appropriate because Walker was making incriminating statements about the commission of the offense before the plea agreement was offered and accepted. Counsel was protecting her client from potentially self-sabotaging any plea agreement the state was offering. Counsel's performance can hardly be seen as defective.

{¶ 13} Walker next contends that his counsel failed to provide zealous advocacy during sentencing, asserting that had counsel engaged in "diligent sales talk" with the court, "a lesser sentence would have been accomplished." The record belies Walker's assertions. The trial court was aware of the circumstances surrounding the offense — that Walker gave hospital personnel a false name when seeking treatment for gunshot wounds. Walker's counsel offered a mitigation presentation that included Walker's justification for providing the false name — to protect himself and his family from the individuals who shot him and that Walker

took responsibility for his actions. Nevertheless, the trial court reviewed Walker's lengthy criminal history, including that he was currently serving a sentence for violating postrelease control, and concluded that he had a high risk of recidivism. Accordingly, the record reveals that it was Walker's own actions and criminal history that resulted in the trial court imposing the maximum sentence; not counsel's inability to engage in "diligent sales talk" with the trial court. The second assignment of error is overruled.

### III. Sentence

{¶ 14} In his third assignment of error, Walker contends that his sentence is disproportionate to the offense based on the circumstances surrounding the offense and the justification for why he provided a false name to medical personnel.

{¶ 15} The Eighth Amendment to the United States Constitution applies to the states pursuant to the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). The Eighth Amendment and Section 9, Article I of the Ohio Constitution both provide: "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." "'"The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."'" *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 13, quoting *State v. Weitbrecht*, 86 Ohio St.3d 368, 372-373, 715 N.E.2d 167 (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring).

**{¶ 16}** In this case, Walker did not raise any proportionality argument in the trial court. Moreover, he does not demonstrate on appeal how his sentence is disproportionate to the offense, but only sets forth mitigating factors that the trial court should have weighed in his favor. According to Walker, the record does not support his sentence. We disagree.

**{¶ 17}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *See State v. Smith*, 8th Dist. Cuyahoga No. 108793, 2020-Ohio-3666, ¶ 18; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing, if it clearly and convincingly finds that the record does not support the sentencing court's findings as required under the law, or the sentence is otherwise contrary to law. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

**{¶ 18}** Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) protect the public from future crime by the offender and others, (2) punish the offender, and (3) promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. A sentence imposed for a felony should be reasonably calculated to achieve the three

overriding purposes of felony sentencing, and must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 19} R.C. 2929.12 gives the sentencing court discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 10. In exercising this discretion, the sentencing court must consider a nonexhaustive list of factors relating to the seriousness of the offender's conduct and the likelihood of recidivism. Relevant to this appeal, these factors include the economic harm suffered by the victim; the defendant's prior criminal record; whether the defendant shows any remorse; and any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(B) and (D). The court must also consider any factors "indicating that the offender's conduct is less serious than conduct normally constituting the offense." R.C. 2929.12(C).

{¶ 20} A trial court is not required to make factual findings under R.C. 2929.11 or 2929.12. *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27. Indeed, consideration of the factors is presumed unless the defendant affirmatively demonstrates otherwise. *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12. This court has consistently found that a trial court's statement that it considered the required factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *Kronenberg* at ¶ 27.

{¶ 21} Walker contends that his sentence should be reversed because it is disproportionate to the seriousness of the offense based on the justification he provided to the court. He contends that he should have been sentenced to community-control sanctions or a lesser prison sentence. Essentially, Walker contends that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12.

{¶ 22} The Ohio Supreme Court has made clear, however, that R.C. 2953.08(G)(2) does not provide a basis for an appellate court to modify or vacate a sentence based on a lack of support in the record for the trial court's findings under R.C. 2929.11 or 2929.12. *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 29. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42. Accordingly, this court cannot review whether the record supports the trial court's application of the R.C. 2929.11 and 2929.12 factors. *State v. Levinson*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 21; *State v. Lashley*, 8th Dist. Cuyahoga No. 110250, 2021-Ohio-3101, ¶ 19.

{¶ 23} The trial court's journal entry of sentencing states that it "considered all required factors of the law," and Walker has failed to affirmatively demonstrate otherwise. Moreover, despite Walker's contention that the trial court improperly applied the R.C. 2929.11 and 2929.12 factors, the record reflects careful consideration by the trial court of the principles and purposes of sentencing under

R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12.  During the sentencing hearing, the trial court specifically found that Walker has an extensive criminal history and was already serving a sentence for violating postrelease control, thus concluding that Walker has a high risk for recidivism.

{¶ 24} We recognize that a 12-month sentence under the circumstances may be harsh, but under our limited review of felony sentences, we are unable to modify Walker's sentence where the records supports that the trial court adequately considered the purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.  Accordingly, the assigned error is overruled

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR