[Cite as *State v. Richard*, 2024-Ohio-3194.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :
                                    No. 113528

    v.                             :

CHRISTIAN RICHARD,                      :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** August 22, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657070-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mallory Buelow and Lindsay Patton, Assistant Prosecuting Attorneys, *for appellee.*

Wegman Hessler Valore and Matthew O. Williams, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Christian Richard, appeals his convictions following a guilty plea. For the reasons that follow, we affirm, finding no merit to

the appeal, but remand for the trial court to issue a nunc pro tunc comprehensive judgment entry of conviction.

## I.  Procedural History

{¶ 2}  In February 2021, the State named Richard in a 35-count indictment, charging him with 14 counts of rape, 11 counts of gross sexual imposition, 6 counts of kidnapping, 2 counts of disseminating matter harmful to juveniles, and one count of public indecency and pandering obscenity involving an impaired person.  Most counts also contained a sexually violent predator specification.  The charges stemmed sexual misconduct involving three female victims, one of whom was under the age of 13.

{¶ 3}  In October 2023, Richard entered into a packaged plea agreement with the State.[1]  He agreed to plead guilty to amended Count 3, gross sexual imposition, in violation of R.C. 2907.06; amended Counts 31-33, rape, in violation of R.C. 2907.02(A)(1)(c); amended Count 34, gross sexual imposition, in violation of R.C. 2907.05(A)(5); and Count 35, pandering obscenity involving an impaired person, in violation of R.C. 2907.321(A)(1).  In exchange, the State agreed to dismiss the remaining counts and specifications.  The parties also agreed (1) that the offenses were not allied, (2) Richard would not be granted early release, and

---

[1] As part of the plea agreement, Richard pleaded guilty to offenses in Cuyahoga C.P. No. CR-20-650666 — carrying a concealed weapon and use of a weapon while intoxicated. He has not appealed these convictions.

(3) to a recommended base sentence range of 10-20 years, subject to the Reagan Tokes Law.

**{¶ 4}** The trial court engaged in the requisite Crim.R. 11 colloquy, accepted Richard's guilty pleas, and imposed a stated minimum prison term of 20 years with a maximum term of 25 years.

**{¶ 5}** Richard now appeals, raising three assignments of error.

## II. Defective Indictment

**{¶ 6}** In his first assignment of error, Richard contends that his conviction in Count 35 — pandering obscenity involving an impaired person — constitutes plain error and should be reversed because the State failed to charge an offense under Ohio law because no person was named as the victim in that count. He essentially contends that the indictment was deficient or defective.

**{¶ 7}** Richard has waived any argument regarding any deficiency in the indictment by failing to object to the indictment and by pleading guilty to the offense. Crim.R. 12(C)(2) mandates that "[d]efenses and objections based on defects in the indictment" must generally be raised "[p]rior to" trial. "'Failure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved.'" *State v. Barton*, 2006-Ohio-1324, ¶ 73, quoting *State v. Biros*, 78 Ohio St.3d 426, 436 (1997); *State v. Walker*, 2022-Ohio-820, ¶ 6 (8th Dist.) Moreover, Crim.R. 11(B)(1) states, "The plea of guilty is a complete admission of the defendant's guilt." *State v. Colon*, 2017-Ohio-8478, ¶ 15 (8th Dist.).

**{¶ 8}** In this case, the trial court engaged in the requisite Crim.R. 11 colloquy with Richard and thoroughly explained the rights he would be waiving if he pleaded guilty, one of which is the right "to require the State to prove the defendant's guilt beyond a reasonable doubt at a trial." Crim.R. 11(C)(2)(c); *see* tr. 12-14. Richard stated that he understood this right prior to entering his guilty plea to pandering obscenity involving an impaired person, as charged in the indictment. He has not made any additional argument challenging the validity of this plea or that he did not enter a knowing, intelligent, or voluntary plea of guilty to the offenses. Accordingly, we find that Richard waived this argument, and thus we overrule his first assignment of error.

## III. Consecutive Sentence

**{¶ 9}** Richard contends in his second assignment of error that this court should vacate his consecutive sentence in Counts 31 and 32 because the trial court did not include the requisite consecutive-sentence findings in the judgment entry of conviction.

**{¶ 10}** When imposing consecutive sentences, a sentencing court is required "to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Richard does not allege that the sentencing court failed to make the necessary findings mandated by R.C. 2929.14(C)(4), nor has he challenged the imposition of consecutive sentences as contrary to law. Rather, he contends that the trial court failed to incorporate the statutory language in the

judgment entry after making those findings at the oral sentencing hearing. This deficiency, however, does not render his sentence contrary to law to authorize this court vacate his sentence.

{¶ 11} A trial court's failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law, but rather a clerical mistake that may be corrected by the sentencing court through a nunc pro tunc entry to reflect what actually occurred in open court. *Id*. at ¶ 30; *see also State v. Qualls*, 2012-Ohio-1111, ¶ 15 (where notification of postrelease control was accurately given at the sentencing hearing, an inadvertent failure to incorporate that notice into the sentence may be corrected by a nunc pro tunc entry without a new sentencing hearing); *State v. Watkins*, 2022-Ohio-1231, ¶ 30 (8th Dist.). The mistake can be corrected by the trial court through a nunc pro tunc entry to reflect what actually occurred in open court. *Watkins* at ¶ 31, citing *Bonnell* at id.

{¶ 12} Accordingly, we overrule his assignment of error as it requests to vacate his sentence on Counts 31 and 32, but we sustain his assignment of error insofar as it challenges the trial court's mistake in failing to incorporate the consecutive-sentence findings in its judgment entry of conviction. Accordingly, this court remands the case to the trial court to issue a nunc pro tunc judgment entry that incorporates its consecutive-sentence findings.

## IV. Reagan Tokes Sentence

{¶ 13} Richard contends in his third assignment of error that the trial court erred when it sentenced him to an indefinite sentence under S.B. 201, commonly referred to as the Reagan Tokes Law, because the law is unconstitutional under the United States and Ohio Constitutions because it violates due process, the separation-of-powers doctrine, and the right to trial by jury.

{¶ 14} The Ohio Supreme Court rejected the arguments Richard raises challenging the constitutionality of the Reagan Tokes Law. *State v. Hacker*, 2023-Ohio-2535. The Court held that the Reagan Tokes Law is not facially vague or unconstitutional because (1) it provides that offenders receive a hearing before the Department of Rehabilitation and Correction ("DRC") may extend their prison sentence beyond the minimum but within the maximum term imposed by the trial court, (2) the right to a jury trial is not implicated since no determination by the DRC at the hearing changes the sentence range prescribed by the legislature and imposed by the trial court, and (3) the authority it gives the DRC to extend an offender's prison sentence beyond the minimum but within the maximum range imposed by the trial court does not exceed the power given to the executive branch of the government and does not interfere with the trial court's discretion when sentencing the offender. *Id*. at ¶ 25, 28, 40. Accordingly, based on the authority of *Hacker*, this court summarily overrules Richard's challenges to the Reagan Tokes Law and his assignment of error.

**{¶ 15}** Judgment affirmed but remanded with instructions to the trial court to issue a nunc pro tunc judgment entry of conviction incorporating its consecutive-sentence findings. We also note that the trial court issued a nunc pro tunc judgment entry filed December 18, 2023, that clarified that the State dismissed all specifications as part of Richard's plea agreement. On remand, the trial court shall issue one comprehensive judgment entry of conviction accurately reflecting Richard's plea and sentence.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR